STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP – 21 - 05

SUSAN HATCH *et. al.*

v.

ORDER

TOWN OF BRIDGTON, *et. al.*

## INTRODUCTION

The Petitioners ("Neighbors") appeal a decision of the Town of Bridgton Board of Appeals ("BOA") that affirmed a Planning Board decision, after this court's remand, approving a proposal to construct a hotel at the site of an unused mill in Bridgton. For the reasons described below, the Planning Board's decision is affirmed.[1]

## BACKGROUND

Previously, the court affirmed the Planning Board's approval of this project. *Saunders Mill LLC v. Town of Bridgton, (*Cumb Cty. AP 19-41, June 8, 2020). The Neighbors filed a Motion to Alter or Amend the Judgment. The court granted the motion in part. *Id.* (August 4, 2020). The court remanded the case "to the Planning Board to make its own determination whether any of the work in the SP zone is "filling" as described in Items 27 and 28 of Section 14 of the SZO and make additional finding of fact and conclusions of law on that issue." *Id.* Otherwise, all other aspects of the court's approval of the Planning Board's decision remained in place.

Previously, the court found that the statute unambiguously bars "filling" in the stream

---

[1] The court decides the matter without oral argument. M.R.Civ.P. 80B(l), Advisor's Note, March 2021.

1

protection district. The ordinance does not, however, contain a definition of "filling". On remand, the Planning Board issued a November 3, 2020 Supplemental Decision. The Planning Board defined "filling" as "something used to fill a cavity, container, or depression." Supplemental Decision, §6D." The Planning Board found this definition of "filling" was in harmony with the ordinances as a whole. *Id.* 6(G),(H).

The Planning Board found that the proposed work did not constitute "filling." The Planning Board found that the project involved a "re-contoured" slope using existing soils and imported materials. There was no depression that would be filled by the proposed work. *Id.* § 6(E).

## DISCUSSION

### A. Standard of Review

On appeal, the Court's review of administrative decision-making is deferential and limited. The Superior Court reviews a local agency's decision for abuse of discretion, errors of law, and findings not supported by the evidence. *Beal v. Town of Stockton Springs*, 2017 ME 6, ¶ 13, 153 A.3d 768. The Court reviews directly the operative decision of the municipality. The operative decision here is that of the Planning Board because the Ordinance authorizes the BOA to act only in an appellate capacity. SPRO Art XV, § 4; SZO § 16(H). The Neighbors bear the burden of persuasion on appeal because they seek to vacate the Planning Board's decision. *Fitanides v. City of Saco*, 2015 ME 32, ¶ 8, 113 A.3d 1088.

An appeals court reviews a municipal board's interpretation of a local ordinance de novo as a question of law. The court interprets an ordinance for its plain meaning and construes its terms reasonably in light of the purposes and objectives of the ordinance and its general structure. *Grant v. Town of Belgrade*, 2019 ME 160, ¶ 14, 221 A.3d 112. An ordinance may

2

not be interpreted in such a way to read a provision out of existence or to render it surplusage. *Jade Realty Corp. v. Town of Eliot*, 2008 ME 80, ¶ 8, 946 A.2d 408. If an ordinance is clear on its face the court will look no further than its plain meaning. Local characterizations or fact-findings as to what meets ordinance standards are also accorded "substantial deference." *Rudolph v. Golick*, 2010 ME 106, ¶ 8, 8 A.3d 684; *Jordan v. City of Ellsworth*, 2003 ME 82, ¶ 9, 828 A.2d 768.

**B.     The Planning Board acted within its discretion when concluding that the project did not include "filling" within the stream protection district.**

The Neighbors argue that increases in elevation depicted on the plan are evidence that "filling" will occur within the stream protection district. They also point to the Planning Board's acknowledgment in the Supplemental Decision, §6E, that materials would be "imported" into the stream protection district.

Although the Neighbors' arguments may support a finding that there was "filling" in the screen protection district, the Planning Board was not compelled to come to the same conclusion. The court finds that the Planning Board's interpretation of the ordinance is reasonable. They employed a definition of the term "filling" that meets the term's common usage. Their interpretation fits with the overall purpose of the ordinance to allow specific uses allowed within the stream protection that would be impossible if there was no ability to recontour toward the landscape. There is no provision banning "imported" materials. Deferring to the Planning Board's factual findings, the Planning Board did not abuse its discretion in deciding that the activity in the stream protection district did not constitute "filling."

The court finds the Neighbors' remaining arguments to be unpersuasive. The court also declines the Neighbors' invitation to revisit any of the other issues raised in the original appeal.

CONCLUSION

The court ORDERS as follows:

1. The Planning Board's Supplemental Decision is AFFIRMED.

This Order is incorporated on the docket by reference pursuant to M.R. Civ. P. 79(a).

DATE: *April 28, 2024*

_____
Thomas R. McKeon,  Justice
Maine Superior Court

4